**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First and Beck, LLC, ) | No. CV-05-1358-PHX-FJM |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Bank of the Southwest, et al., ) | |
| Defendants. ) | |

The United States Court of Appeals for the Ninth Circuit remanded this case to us to consider whether we should exercise supplemental jurisdiction over First and Beck's ("F&B") state law claims (Slip op. at 4), and whether we should award fees and costs to the Mortgages Ltd. ("Mortgages") and Coles pursuant to state law (Slip op. at 5). In our order of January 17, 2008 (doc. 57) we expressed our initial views and invited the parties to file memoranda on these two issues. We now have before us Mortgages' memorandum (doc. 59), Coles' joinder (doc. 62), Fowler's memorandum (doc. 61), Bank of the Southwest's memorandum (doc. 60), and F&B's memorandum (doc. 63). We note that F&B's memorandum does not address the remanded issues, but instead challenges the Ninth Circuit's ruling in favor of defendants. These contentions are appropriately presented in a petition for writ of certiorari to the United States Supreme Court, not to us.

F&B did not assert supplemental jurisdiction originally and does not seek it on remand. Because we have previously dismissed all of F&B's federal claims, we decline to exercise supplemental jurisdiction over F&B's state law claims pursuant to 28 U.S.C. § 1367(c)(3). State claims are better resolved in state court especially where, as here, the case in federal court is undeveloped.

Defendants Mortgages and Coles originally sought an award of attorney's fees under A.R.S. §§ 12-341.01 and 12-349.[1] We declined to rule on this claim based on our conclusion that we lacked subject matter jurisdiction over the state law claims. Relying on Kona Enters., Inc. v. Bishop, 229 F.3d 877, 887 (9th Cir. 2000), the Ninth Circuit reversed, stating that "[d]ismissal of a complaint for lack of subject matter jurisdiction does not deprive the court of jurisdiction to hear a request for fees under state law." (Slip op. at 5). More recently, in Molski v. Foster Freeze Paso Robles, No. 07-56071, 2008 WL 467751, at *1 (9th Cir. Feb. 20, 2008), the court held that even where a court declines to retain supplemental jurisdiction over state law claims, because "it had jurisdiction over those causes of action at the outset of the case, it had jurisdiction to rule on them and to award fees." Therefore, we apparently have jurisdiction to consider the claim for attorney's fees under state law, even though we have reached and resolved no state claims.

A.R.S. § 12-341.01 provides for a discretionary award of attorney's fees to the prevailing party in an action arising out of contract. A final adjudication on the merits is not a prerequisite to recovery of fees under § 12-341.01. Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 392, 710 P.2d 1025, 1047 (1985). Even where an action is dismissed without prejudice under Rule 41(b), Fed. R. Civ. P., the defendant may still be considered a "successful party" for purposes of § 12-341.01. Mark Lighting Fixture Co. v. General Elec. Supply Co., 155 Ariz. 65, 71, 745 P.2d 123, 129 (Ct. App. 1986), vacated on other grounds, 745 P.2d 85 (1987).

---

[1] In their memoranda on remand addressing attorney's fees (docs. 59, 62), defendants Mortgages and Coles seek fees pursuant to A.R.S. § 12-341.01 only. Therefore, we consider their earlier claim for fees under § 12-349 waived.

- 2 -

Here, however, we have declined to exercise supplemental jurisdiction over plaintiff's state law claims and therefore have had no occasion to consider the merits of those claims. This case is distinguishable from an action dismissed without prejudice for plaintiff's failure to prosecute where it can be said that the defendant has obtained relief and therefore has "prevailed." In contrast, we exercise our discretion and decline to exercise jurisdiction over F&B's state law claims. Defendants have not prevailed with respect to those claims, and are not successful parties with respect to the state law claims. See Molski, 2008 WL 467751, at *1 (recognizing that where district court denies supplemental jurisdiction over state law claims, it is appropriate to decline to award fees on causes of action whose merits it has not reviewed).

Moreover, an award of fees under A.R.S. § 12-341.01 is governed by Assoc. Indemnity Corp v. Warner, 143 Ariz. 567, 694 P.2d 1181 (1985), which requires an analysis of (1) the merits, (2) whether litigation could have been avoided, (3) whether fee shifting would create a hardship, (4) the extent of success on the merits, (5) the novelty of the questions presented, and (6) whether the claim had been previously adjudicated. Because we have not reached the merits of any state claim, we are hardly in a position to perform this analysis. Obviously, fee shifting in the state claims will best be resolved by the state court after it decides the state claims.

**IT IS ORDERED** declining to exercise supplemental jurisdiction over plaintiff's state law claims and **DISMISSING** those claims without prejudice. **IT IS FURTHER ORDERED DENYING** defendants' request for attorney's fees.

DATED this 13th day of March, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -